IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

NOEL ROMERO-ESPINAL,

    Petitioner,

v().    Case No. 1:20-cv-00760

C. MARUKA, Warden,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On November 18, 2020, Petitioner, who was then incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his sentence via the savings clause contained in 28 U.S.C. § 2255(e) based upon the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). (ECF No. 1). However, Petitioner did not pay the applicable $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs ("Application") at that time. That same day, the Clerk issued a Notice of Failure to Remit Filing Fee (ECF No. 2), which directed Petitioner to either pay the $5.00 filing fee or file an Application within 10 days.

As of today's date, Petitioner has neither paid the filing fee nor filed an Application. Furthermore, the undersigned has determined that Petitioner was released from Federal Bureau of Prisons custody on April 16, 2021 and has failed to advise the court of his current contact information. *See* www.bop.gov/inmateloc.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

Plaintiff is wholly responsible for the failure to move this matter forward and dismissal appears to be the appropriate sanction. Thus, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to prosecute this civil action.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with

the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at his last known address.

April 6, 2022

Dwane L. Tinsley
United States Magistrate Judge